# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPHANIE M.,

        **Plaintiff,**

    **v.**                          **Case No. 24-CV-466**

**FRANK J. BISIGNANO[1],**
**Commissioner of Social Security,**

        **Defendant.**

## ORDER

The court has remanded the plaintiff's social security action to the agency on two occasions. After the first remand, the court approved the parties' stipulation to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $3,980. (*See Stephanie M. v. Kijakazi*, No. 21-CV-1050-LA (ECF No. 20, June 7, 2022).) The second remand came in the present action, case number 24-CV-466, on August 7, 2024. (*See* ECF No. 15.) On October 10, 2024, the parties once again stipulated to an award of attorney's fees under the EAJA (ECF No. 17), which the court approved in the amount of $2,256 on

---

[1] Frank J. Bisignano became the Commissioner of the Social Security Administration in May 2025. Accordingly, the Clerk of Court shall substitute Bisignano as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

October 11, 2024 (ECF No. 18). Therefore, the plaintiff's attorney has received a total of $6,236 for work on this matter under the EAJA.

On July 14, 2026, the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1). (ECF No. 19.) The plaintiff's attorney, Donald Chewning, seeks an award in the amount of $13,598, subject to his obligation to refund to the plaintiff the EAJA fees previously awarded. (*Id.* at 1.) The requested amount represents the balance of 25 percent of the plaintiff's past-due benefits withheld for attorney fees, after payment to Plaintiff's counsel who represented her at the remand hearing. (*Id.* at 2.) The Commissioner filed a response indicating that he neither supports nor opposes counsel's request for attorney's fees. (ECF No. 20.)

Section 406(b)(1)(A) allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. 406(b)(1)(A). Where the plaintiff's attorney receives fees under both the EAJA and § 406(b), the attorney must refund to the plaintiff the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 804–05. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible

for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall for the attorney. *Id.* at 808.

The fee award requested is reasonable. Attorney Chewning obtained a good result for the plaintiff, and the plaintiff agreed to pay 25 percent of the past due benefits awarded to her. (ECF No. 19-5.) Moreover, the fee requested will not constitute a windfall for Attorney Chewning. Attorney Chewning spent 31.3 hours working on this matter across the two actions, and the resulting hourly fee based on the $13,598 award would be $434.44 per hour. (ECF No. 19 at 4; *see also* ECF Nos. 19-6, 19-7 (itemization of time).) Other courts in this district have declined to classify awards as windfalls when they exceed even $1,000 in resulting hourly fees. *See Mentecki v. Colvin*, No. 14-CV-1110-PP, 2019 WL 3323874, at *2 (E.D. Wis. July 24, 2019) (citing *Peterson v. Colvin*, No. 12-CV-391-JPS at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); *Kolp v. Colvin*, No. 12-CV-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate). As such, the court finds that $13,598 is a reasonable sum in light of the hours that Attorney Chewning spent working on this case.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 19) is **GRANTED** and the court **APPROVES** the award of $13,598. Upon receipt of the awarded fees, Attorney Chewning shall refund his

3

previously awarded fee under the Equal Access to Justice Act in the amount of $6,236 to

Plaintiff.

Dated at Milwaukee, Wisconsin this 21st day of July, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge